## PROSECUTION UNDER THE ROSE LAW.

Circuit Court of Delaware County.

DANIEL LYNCH v. THE STATE OF OHIO. *

Decided, January, 1909.

*Keeping a Place where Intoxicating Liquors were Sold—Prosecution for, Under the Rose Law—Evidence as to Result of Local Option Election—99 O. L., 35.*

1. An affidavit charging the keeping of a place where intoxicating liquors were sold, furnished or given away on a designated day, is sufficient to sustain a prosecution under the Rose county local option law.
2. Proof of one unlawful sale is sufficient to sustain a conviction under such a charge; and the affidavit need go no further than to aver an unlawful sale, leaving it to be developed by the evidence in what respect the sale was unlawful.

---

* Affirmed by the Supreme Court without report, *Lynch* v. *State,* 81 Ohio State.

3. The provision of Section 1 of the Rose law, making a certified copy of the result of a county local option election sufficient proof of the holding of such an election, is not exclusive; but any evidence from which the fact may be deduced that such an election has been held is sufficient to sustain a prosecution for violation of the act.
4. It is not error to admit the statement of a witness that "a police officer told him when he obtained liquor in dry territory" if no disclosure is made by the witness as to the place where the liquor was obtained or the person who sold or furnished it.

*Marriott & Freshwater*, for plaintiff in error.
*Eugene S. Owen*, contra.

The plaintiff in error was arrested and tried before the mayor of the city of Delaware, Ohio, on an affidavit charging the unlawful keeping of a place where intoxicating liquors are sold in violation of Section 6942, Revised Statutes.

It is contended by counsel for plaintiff in error that the affidavit is not sufficient in law to charge an offense under any of the statutes providing against the sale of intoxicating liquors, the claim being that in order to constitute a person a keeper of a place where intoxicating liquors are sold in violation of law, the affidavit or indictment must allege that the party accused was a keeper of such a place from a date stated in the affidavit or indictment to the date of filing the affidavit, or to some other date subsequent to the date charged; that a single sale does not make the place a nuisance, or the seller a keeper within the meaning of the act, but that a series of sales is necessary. And further it was contended that, in order to bring the prosecution within the Rose county local option law, it is necessary for the affidavit or indictment to show that an election had been held under the provisions of the statute, and that a majority of the voters voted in favor of prohibiting the sale of intoxicating liquors within said county, and that the affidavit in this case was insufficient because it did not contain such an allegation.

Counsel for the state on the other hand contended that it does not require a series of unlawful sales of intoxicating liquor in a particular place by the accused to constitute him a keeper of a place where intoxicating liquors are sold in violation of law, citing Village of Belle Center v. Walsh, 24 W. L. B., 176, and Volk v. Village of Westerville, 3 N. P.—N. S., 241.

In support of the claim that it is not necessary to allege in the affidavit and prove at the trial that an election had been held, resulting in a prohibition of the sale of intoxicating liquors within the county, it was argued that the court should take judicial notice of things which are public in their effects and relations and ought to be known within its jurisdiction, citing Black on Intoxicating Liquors, Sec. 102, p. 136, where reference is made to Rauch v. Comm., 78 Pa. State, 490; Combs v. State, 81 Ga., 780; 8 S. E. Rep., 318.

DONAHUE, J.; TAGGART, J., and SHIELDS, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the mayor of the city of Delaware, finding the plaintiff in error guilty of a misdemeanor, and adjudging him to pay a fine.

The first contention is, that the affidavit filed with the mayor in this case is defective and does not state a crime under the laws of Ohio.

It is contended that if the prosecution is under Section 6942 of the Revised Statutes of Ohio, that the affidavit should state the dates from which and to which the defendant was keeping a place where intoxicating liquors were then and there sold in violation of law.

We are of the opinion that this prosecution is under Section 6942 of the Revised Statutes of Ohio, as amended, 99 Ohio Laws, 1908, and as that section now reads the gravamen of the offense is keeping such a place. And if on or about the 12th day of December, A. D. 1908, the defendant was then and there the keeper of a place where intoxicating liquors were sold, furnished or given away in violation of law, he was guilty of the offense under this section of the statute, and the affidavit is sufficient.

It is further contended that the mere showing of one unlawful sale is not sufficient evidence to warrant the mayor in finding the defendant guilty. We think that question has been disposed of correctly in the case of *Volk* v. *Village of Westerville,* 3 N. P. —N. S., 241, and particularly at 244.

It appears that the Circuit Court of Franklin County, in another case of the same title, held that the proof of a single sale was sufficient, without proving a series of sales.

In the case of *Village of Belle Center* v. *Levi Welsh,* it was also held by the court, to which an application was made for leave to file a petition in error (24th Bulletin, page 176), that under the section as it then read, that a single sale was sufficient to warrant a conviction.

It is also contended by plaintiff in error that an attempt is made here to prosecute for a violation of the Rose local option law, and for that reason neither the affidavit nor the proof is sufficient.

It is not important what law is violated in the sale of intoxicating liquors under a charge of this character. It is sufficient for the affidavit to state the sale was unlawful, and then in the hearing of the case proof can be offered that the sales were made on Sunday, to a minor, or person in the habit of becoming intoxicated, or in territory where the sale of intoxicating liquor is prohibited, or any other reason that renders the sale unlawful. So that, when the state came to offer this evidence in this prosecution it could show that under the provision of the Rose local option law the sale of intoxicating liquors was prohibited in Delaware county.

It is conceded, however, that the proofs failed to show that the sale of intoxicating liquors were prohibited in that county by reason of an election held under the provisions of the Rose local option law. And looking to the evidence offered by the state it would seem as if there were a defect in that behalf. True, it is provided in the Rose local option law that a copy certified by the clerk of the court of common pleas showing the result of such election, provided such a result shows a majority of votes against the sale of intoxicating liquor as a beverage, shall be sufficient evidence to make a *prima facie* case; but we take it that this is not exclusive, and that any other competent evidence may be offered.

In this whole record, the question of whether the sale of intoxicating liquors were prohibited in Delaware county under the provisions of this act does not seem to be mooted. True, the plea of not guilty puts in issue every material allegation of the affidavit, but in the trial of this case questions were asked by counsel for the state, as well as by counsel for the defend-

ant, indicating that the sale of intoxicating liquor as a beverage was at the time of the alleged offense prohibited and unlawful, and, in fact, some of the answers fixed the exact date when the provisions of that law came into operation in that county.

It is true that some of this evidence would have been incompetent had objections been made thereto; · but no such objection was made, and, therefore, the admission was not prejudicial error. And particularly is this true in the evidence of the defendant himself. He testifies that he has sold no whisky to anybody since the local option law went into effect in Delaware and on page 14 of the bill of exceptions it appears from· his evidence that local option went into effect in that county the last of October or the first of· November of that year. So that, we think the evidence was sufficient for the mayor to find that the sale of intoxicating liquors in Delaware county was at the. time charged in this affidavit prohibited and unlawful, and that this sale, if he found such a sale had been made, was an unlawful· sale, and that the defendant by reason thereof was guilty as charged in the affidavit.

Some objection is made to the testimony of the chief of police. and particularly ·to that portion where he undertakes to tell what officer Vining told him; but it appears that·what·the officer said to him was not repeated by the chief of police, but that he merely says that the officer told him where he got it, but he does not say what the officer told him, or from whom the officer said he received the half pint of whisky that was offered in evi-.dence. We think there was no error in the admission of that evidence, or in the refusal of the court to strike it out.

Fnding no error apparent in the record of this .case prejudicial to plaintiff in error, the judgment of the mayor is affirmed, with costs. The cause is remanded for execution. Exceptions of plaintiff in error are noted.